UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TERRY O. LEATHERWOOD, ) | |
|              ) | |
|         Petitioner, ) | |
| v.           ) | No. 1:09-cv-092-SEB-DML |
|              ) | |
| BRET MIZE,   ) | |
|              ) | |
|         Respondent. ) | |

**Entry Denying Petition for Writ of
Habeas Corpus and Directing Entry of Judgment**

For the reasons explained in this Entry, the petition of Terry O. Leatherwood ("Leatherwood") for a writ of habeas corpus must be **denied.**

## I. Nature of the Case

Leatherwood seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a).

## II. Parties

Leatherwood is confined at a state prison in Indiana. The respondent is Leatherwood's custodian, sued in his official capacity as a representative of the State of Indiana.

## III. Procedural Background

Leatherwood is serving an aggregate term of 120 years upon his 2002 Hendricks County convictions for five counts of child molesting as Class A felonies.

In his direct appeal, Leatherwood's claims were that: (1) the trial court erred in allowing the State to add three counts to the charging information after the omnibus date; (2) the trial court abused its discretion in admitting Leatherwood's videotaped statement into evidence; and (3) Leatherwood's sentences for Count 1, child molesting-sexual intercourse, and Count 3, incest, violated the Indiana Double Jeopardy clause.

In his action for post-conviction relief, Leatherwood argued that the Indiana Court of Appeals should reconsider its prior decision on direct appeal regarding the propriety of the State's amendment of the charging information, given the Indiana Supreme Court's subsequent interpretation of IND. CODE § 35-34-1-5 in *Fajardo v. State,* 859 N.E.2d 1201 (Ind. 2007). On February 7, 2008, the Court of Appeals affirmed the denial of post-conviction relief, holding that its prior adjudication that the amendment charges did not prejudice Leatherwood and was the law of the case and that *Fajardo* did not apply retroactively on collateral review. *Leatherwood v. State,* 880 N.E.2d 315, 321 (Ind.Ct.App. 2008). Leatherwood's petition to transfer was denied on June 19, 2008.

This action was filed following the completion of Leatherwood's direct appeal and his action for post-conviction relief in the Indiana state courts. Leatherwood's claims in this action are that: (1) due process was violated by allowing an amendment to a charging information; (2) the videotape of Leatherwood's police interview (during which he confessed) was tampered with, thereby excising a portion of the tape showing a police officer coerce his confession by threatening him; (3) the trial court erroneously admitted evidence of his refusal of a polygraph test offered as evidence of guilt; and (4) his sentence was "erroneous and excessive."

## IV. Statement of Facts

The Indiana Court of Appeals set forth the facts regarding Leatherwood's offenses situation in his direct appeal:

> The evidence most favorable to the convictions reveals that Leatherwood had an ongoing sexual relationship with his daughter, D.M., who was thirteen years old in October 2001. On October 22, 2001, the State charged Leatherwood with one count of child molesting, alleging that Leatherwood had intercourse with D. M. "on or about October 2001," another count of child molesting alleging that he performed deviate sexual conduct with D.M. "on or about October 2001, " and one count of incest occurring "on or about October 2001." App. pp. 68–70. The omnibus ate was set for December 21, 2001, which was later reset to January 18, 2002, on Leatherwood's motion. After some continuances, a trial date of June 10, 2002, was set.
>
> On May 15, 2002, the State attempted to amend the information by filing additional counts four through nine, which alleged child molesting via intercourse "on or between June 1999 – September 2001,"child molesting via intercourse "on or between June 1999 – September 2001," child molesting via deviate sexual conduct "on or between June 1999 – September 2001," child molesting via sexual intercourse "on or between March 1998 – June 1999," and child molesting via deviate sexual conduct "on or between March 1998 – June 1999." App. pp. 76–81. Pursuant to Leatherwood's motion, the trial court dismissed these new counts on May 17, 2002. On May 20, 2002, the state amended the original three counts to specify that the alleged

incidents occurred "on or between October 19–20, 2001." App. pp. 71–73. It also petitioned the trial court to reconsider its dismissal of counts four through seven. The trial court allowed the State to file an amended count four alleging child molesting via intercourse "on or between September 2001 – October 18, 2001, " count five alleging child molesting via intercourse "on or between June 1999 – September 2001," and count seven (later renumbered count six) alleging child molesting via deviate sexual conduct "on or between June 1999 – September 2001." App. pp. 67, 74–75, 79.

Following these amendments, the jury trial was rescheduled for July 8, 2002. Leatherwood later moved for a continuance, resulting in a final trial date of September 23, 2002. At trial, D.M. testified as to her sexual relationship with Leatherwood, including that he regularly had sexual intercourse with her and would frequently ejaculate in her mouth, but never in her vagina. When asked to describe the specific incident that occurred on the night of October 19–20, 2001, as alleged in counts one through three, D.M. testified that Leatherwood had sexual intercourse with her, but was "not completely sure" whether they engaged in oral sex that night. Tr. P. 199. The State also introduced Leatherwood's videotaped confession to the police into evidence. In the tape, Leatherwood admits to having been in a sexual relationship with his daughter over the past one or two years. He also specifically confesses to having had intercourse with D.M. on the night of October 19 – 20, 2001, to performing oral sex on D.M. that night, and to ejaculating in her mouth "the way it normally was." Ex. 4, p. 140. The time stamp on the videotape indicates that approximately thirty minutes of Leatherwood's interrogation by police was not recorded. The jury found Leatherwood guilty of all six counts.

*Leatherwood v. State,* No. 32A01-0210-CR-423, at pp. 2-4 (Ind.Ct.App. June 5, 2003).

## V. Standard of Review

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). Under provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), if a state court adjudicated a constitutional claim on the merits, a federal court may grant habeas relief only "if, as relevant here, a state court unreasonably applies clearly established federal law, meaning that it identifies the appropriate standard, but unreasonably applies it to the facts." *Curtis v. Montgomery,* 442 F.3d 578, 581 (7th Cir. 2009) (citing 28 U.S.C. § 2254(d)(1); *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000)).

In addition to the AEDPA and substantive standard reviewed above, the court must note that "[a] state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000). In recognition of federal-state comity, a petitioner seeking federal habeas relief must establish that he presented "fully and fairly his

federal claims to the state courts . . . . " *Chambers v. McCaughtry,* 264 F.3d 732, 737 (7th Cir. 2001). Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson,* 965 F.2d 1453, 1458 (7th Cir. 1992); see also *Sweeney v. Carter,* 361 F.3d 327, 332 (7th Cir. 2004)(a petitioner fairly presents his federal claim to the state courts when he articulates both the operative facts and the controlling legal principles on which his claim is based). The failure to do so constitutes a procedural default. *Badelle v. Correll,* 452 F.3d 648, 661 (7th Cir. 2006).

When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (*i.e.,* the errors worked to the petitioner's "*actual* and substantial disadvantage"; or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner v. McBride,* 375 F.3d 643, 648 (7th Cir. 2004) (internal citations omitted).

## VI. Analysis

Leatherwood's first claim is that the trial court erred in allowing the State to add three counts to the charging information. This claim was presented to the Indiana state courts only as an asserted error under Indiana state law, which is not cognizable under 28 U.S.C. § 2254(a). See *Del Vecchio v. Illinois Dep't. of Corr.,* 31 F.3d 1363, 1370 (7th Cir. 1994) (habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law); *Bloyer v. Peters,* 5 F.3d 1093, 1098 (7th Cir. 1993) (citing *Estelle v. McGuire,* 112 S. Ct. 475, 480 (1991)).

Leatherwood's second claim is that the videotape of his police interview was tampered with, resulting in the deletion of a portion of the tape showing a police officer coerce his confession by threatening him. The fact is, however, that there was no tampering with the videotape, meaning that the videotape was complete. Additionally, the admission of the videotape into evidence was only a routine evidentiary ruling. Federal habeas courts may only review a state evidentiary ruling if it is erroneous and is of a constitutional magnitude, *i.e.,* the state court's ruling must be so prejudicial as to compromise the habeas petitioner's due process right to a fundamentally fair trial creating the likelihood that an innocent person was convicted. *Morgan v. Krenke*, 232 F.3d 562 (7th Cir. 2000). The trial court's ruling in this case was not of this nature, and hence this claim will not support the award of federal habeas relief.

Leatherwood's third claim is that the trial court erroneously admitted evidence of his refusal of a polygraph test offered as evidence of guilt. His fourth claim is that his sentence was "erroneous and excessive." Neither of these claims were properly presented to the Indiana state courts, see *O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999)(holding that "a prisoner who fails to present his claims in a petition for discretionary review to a state court of last resort" has not properly exhausted the claims for purposes of 28 U.S.C. § 2254(b)(1), and that the habeas petitioner's failure to present his "claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims.");

*Hough v. Anderson,* 272 F.3d 878, 892-93 (7th Cir. 2001) (petitioner's failure to present issue to Indiana Supreme Court constituted procedural default), and this failure constitutes Leatherwood's procedural default as to them. Leatherwood's habeas petition appears to suggest that this procedural default was due to the shortcomings of his attorneys. Although it is true that ineffective assistance rising to the level of a constitutional violation can constitute "cause" sufficient to excuse a procedural default, *Murray v. Carrier,* 477 U.S. 478, 488 (1986); *Steward v. Gilmore,* 80 F.3d 1205, 1212 (7th Cir. 1996), it does not do so in this case because it was not independently presented to the Indiana state courts. *Lemons v. O'Sullivan*, 54 F.3d 357, 360 (7th Cir. 1995); *Lostutter v. Peters,* 50 F.3d 392, 396 (7th Cir. 1995). Thus, a showing of circumstances sufficient to overcome the consequences of Leatherwood's procedural default as to his third and fourth claims has not been made and his unexcused default prevents the court from reaching the merits of those claims.

### VII. Conclusion

Leatherwood's convictions withstood challenge in the Indiana courts, and thus a presumption of constitutional regularity attaches to them. *See Farmer v. Litscher,* 303 F.3d 840, 845 (7th Cir. 2002) (citing *Parke v. Raley,* 506 U.S. 20, 29-30 (1992)); *Milone v. Camp,* 22 F.3d 693, 698-99 (7th Cir. 1994) ("Federal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law").[1] This court has carefully reviewed the state record in light of Leatherwood's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. Leatherwood's petition for a writ of habeas corpus is therefore **denied.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 06/11/2009

*[signature: Sarah Evans Barker]*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[1] Obviously, this is not a presumption related to the AEDPA, but is "the 'presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights." *Parke v. Raley,* 506 U.S. at 29 (citing *Johnson v. Zerbst,* 304 U.S. 458, 464, 468 (1938)).